IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCKY BS LLC, | ) | CIVIL ACTION NO. 3:20-cv-33 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DANIEL A. THOMAS, and SAMUEL R. | ) | |
| VANSICKLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Lucky Bs Motion for Default Judgment against Defendants Daniel A. Thomas and Samuel R. Vansickle. (ECF No. 21) Neither Defendant Thomas nor Defendant Vansickle responded to Plaintiff's Complaint or the instant Motion. The Clerk of Court has entered default against both Defendant Thomas and Defendant Vansickle. (ECF No. 20) For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.     Background

Plaintiff filed a Complaint against the United States, Daniel A. Thomas, and Samuel R. Vansickle on February 25, 2020. (ECF No. 1) Plaintiff's Complaint seeks to quiet title as to each of the defendants with regard to a property purchased by Plaintiff at a public tax sale. The property is described as:

> BEING a certain tract or parcel of land situated in Greensville Township, Somerset County, Pennsylvania, having a reference number of: 17-0-002720, that was duly assessed for taxes as the property of Samuel Vansickle; granted by Dennis A. Michael; recorded in Somerset County Record Book Volume 1416, Page 801; and Containing 325.978 Acres.

("Property") (ECF No. 1)

On September 25, 2018, the Somerset County Tax Claim Bureau held a public tax sale of the Property. (*Id.* ¶ 16) Lucky Bs was the successful bidder and purchased the Property. (*Id.* ¶ 17) On December 5, 2018, Lucky Bs's Public Tax Sale Deed was recorded in the Somerset County Record Book. (*Id.* ¶ 21) Since purchasing the Property, Lucky Bs has paid all assessed real estate taxes. (*Id.* ¶ 22)

Prior to the public tax sale, the Somerset County Tax Bureau notified Vansickle via certified mail of its intent to hold the sale and posted notice of the sale on the Property. (*Id.* ¶¶ 10, 11) Also prior to the tax sale, Lucky Bs performed a title search on the Property and became aware of two judgments that had been filed as liens against the Property. (*Id.* ¶ 12) Thereafter, the members of Lucky Bs attempted to contact Thomas regarding what appeared to be a valid mortgage recorded against the Property in the amount of $600,000. (*Id.* ¶ 14) The person on the phone, holding himself out as Thomas's father, informed Lucky Bs that the mortgage had been paid off and, as a result, there were no claims against the Property. (*Id.*)

After the tax sale, Lucky Bs attempted to contact Thomas about executing a mortgage release or satisfaction of the recorded mortgage. (*Id.* ¶ 23) As part of the attempt, Lucky Bs spoke with Vansickle and informed him that Lucky Bs was seeking a mortgage release or satisfaction from Thomas, but Lucky Bs was unable to successfully contact Thomas. (*Id.* ¶ 23)

After the tax sale, Lucky Bs learned that Vansickle had pleaded guilty to Conspiracy to Commit Bank Fraud in the District of Maryland in 2015 and was sentenced in 2016. (*Id.* ¶ 26) As part of the plea agreement in that case, Vansickle agreed to forfeit numerous properties, including the Property, to the United States. (*Id.* ¶¶ 26, 28) As part of the criminal forfeiture

process in that case, notice of forfeiture of the Property was provided, and no claims were filed. (ECF No. 1 ¶¶ 32–39; *United States v. Vansickle*, 1:14-cr-00071, ECF No. 182 (D. Md. Sept. 9, 2019)) Thomas filed claims with regard to other properties that were subject to criminal forfeiture in the case, but did not file a claim with regard to the Property. (ECF No. 1 ¶¶ 32–35; *United States v. Vansickle*, 1:14-cr-00071 (ECF No. 182)) As a result, the Property was forfeited to the United States and any claims, rights, or interests that Thomas had to the property were extinguished. (ECF No. 1 ¶¶ 36–39; *United States v. Vansickle*, 1:14-cr-00071, ECF No. 182 (D. Md. Sept. 9, 2019)) However, the United States did not file a lis pendens concerning the Property in Somerset County, nor did it record an interest in the Property with Somerset County. (ECF No. 1 ¶¶ 40, 41) Thus, Lucky Bs is a bona fide purchaser for value without notice of the forfeiture of the Property. (*Id.* ¶ 43)

On February 25, 2020, Lucky Bs filed this action to quiet title against the United States, Thomas, and Vansickle. (ECF No. 1) The Summons and Complaint were served on Vancickle on June 3, 2020. (ECF No. 13) The Summons and Complaint were served on Thomas on October 10, 2020. (ECF No. 17) Service on the United States was accomplished on March 30, 2020. (ECF No. 12) The United States moved for an extension of time to file an answer, which the Court granted. (ECF Nos. 7, 8) On June 18, 2020, the United States filed a notice disclaiming any interest in the Property. (ECF No. 14) On June 19, 2020, the Court confirmed the United States' disclaimer of any interest in the Property. *See* 28 U.S.C. § 2409a(e). (ECF No. 15)

Lucky Bs filed a Request for Default on December 30, 2020. (ECF No. 19) The Clerk of Court entered default against Thomas and Vansickle on December 30, 2020. (ECF No. 20) On

December 30, 2020, Lucky Bs filed the instant Motion for Default Judgment against Thomas and Vansickle. (ECF No. 21)

## II.     Standard of Review

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters default, the party seeking default judgment must ask either the clerk or the court to enter a default judgment. Fed. R. Civ. P. 55(b). In order for the clerk to enter a default judgment, the plaintiff's claim must be for either a sum certain or a "sum that can be made certain by computation." *Id.* In all other cases, a party must apply to the court for default judgment. *Id.*

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The United States Court of Appeals for the Third Circuit has provided district courts with some factors to guide the exercise of their discretion. The Third Circuit has stated that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). When the defendant is in default and has not opposed the motion for default judgment, district courts give less deference to these factors. *See Broad. Music, Inc. v. George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 170 (W.D. Pa. 2016).

Further, "prior to the entry of default judgment, the [d]istrict [c]ourt must satisfy itself that the [c]ourt has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought." *Harris v. Dollar Gen. Corp.*, No. 16-cv-416, 2016 WL 2733227, at *1 (W.D. Pa. May 11, 2016) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) ("It is an elementary requirement that personal jurisdiction be established in every case before a court has power to render any judgment.")); *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (stating that "[i]f a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will [be] deemed void"). Finally, before entering a default judgment, the court must determine whether the well-pleaded facts in the plaintiff's complaint state a cause of action against the defendant. *See Caplan v. Premium Receivables LLC*, No. 2:15-cv-474, 2015 WL 4566982, at *1 (W.D. Pa. July 29, 2015).

III.   **Jurisdiction**

"The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f). The United States has disclaimed all interest in the real property at issue here. (ECF Nos. 14, 16) Accordingly, "the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title." 28 U.S.C. § 2409a(e).

The Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. All members of Lucky Bs are domiciled in Pennsylvania. (ECF No. 1 ¶ 1) *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Both Defendant Thomas and

Defendant Vansickle are citizens of Maryland. (*Id.* ¶¶ 2, 3) Therefore, there is complete diversity. The action is to quiet title in 325.0978 acres in Somerset County, Pennsylvania. In an action to quiet title, the amount in controversy is satisfied by the value of the land. *Privateer Bay Mgmt. Corp. v. Heirs of Sewer*, 102 F. App'x 228, 231 (3d Cir. 2004). It is facially apparent that the value of the land exceeds $75,000, so the amount in controversy requirement is satisfied. (*Id.* ¶¶ 7, 14) Venue is proper pursuant to 28 U.S.C. § 1391 because the property is located in the Western District of Pennsylvania. Further, the Court has personal jurisdiction over Defendant Thomas and Defendant Vansickle because the property is located in the Western District of Pennsylvania. *See* 28 U.S.C. § 1655; *McKinley v. Martin*, 722 F. Supp. 697, 699 (D. Wyo. 1989). Thomas and Vansickle also had minimum contacts within the Western District of Pennsylvania. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

IV. **Discussion**

The Court finds that Plaintiff has met the requirements of Federal Rule of Civil Procedure 55 and is otherwise entitled to default judgment. As an initial matter, and as discussed in Section III, above, the Court has subject-matter jurisdiction over Plaintiff's claims and has personal jurisdiction over Thomas and Vansickle.

The Third Circuit's guidance weighs in favor of granting default judgment against Thomas and Vansickle. First, it appears that Plaintiff will be prejudiced if its Motion for Default Judgment is denied because it will otherwise be unable to quiet title for the property against Thomas and Vansickle. *Chamberlain*, 210 F.3d at 164. Second, Thomas and Vansickle do not appear to have a litigable defense to Plaintiff's claims because they forfeited their interest. Third, there is no apparent excuse for Thomas's or Vansickle's failure to respond to the

Plaintiff's Complaint. Further, the Court finds that the well-pleaded allegations in Plaintiff's Complaint state plausible causes of action against Thomas and Vansickle.

## V. Conclusion

The Court finds that the Plaintiff meets the requirements of Rule 55 and is entitled to default judgment. Accordingly, the Court **GRANTS** Plaintiff Lucky Bs Motion for Default Judgment against Defendants Daniel A. Thomas and Samuel R. Vansickle.[1] (ECF No. 21)

An appropriate order follows.

---

[1] Plaintiff requests that the Court "expressly determin[e], pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay in entering its final judgment. Such an oder is unnecessary because, since the United States has disclaimed any interest in the property, "all of the claims or the rights and liabilities of . . . all of the parties" have been adjudicated and this constitutes a final judgment in this case. Fed. R. Civ. P. 54(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUCKY BS LLC,** | ) | CIVIL ACTION NO. 3:20-cv-33 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DANIEL A. THOMAS, and SAMUEL R.** | ) | |
| **VANSICKLE,** | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

AND NOW, this 22nd day of January, 2021, upon consideration of the Plaintiff's Motion for Default Judgment against Defendant Daniel A. Thomas and Defendant Samuel R. Vansickle (ECF No. 18), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. The United States having disclaimed any interest in the Property[2] and that disclaimer being confirmed by the Court (ECF No. 16), the Court grants the following relief:

1. Defendant Samuel R. Vansickle, his heirs, assignees, and all persons claiming under him are permanently enjoined from asserting any estate, rights, title, liens, or interest

---

[2] The Property is:

BEING a certain tract or parcel of land situated in Greensville Township, Somerset County, Pennsylvania, having a reference number of: 17-0-002720, that was duly assessed for taxes as the property of Samuel Vansickle; granted by Dennis A. Michael; recorded in Somerset County Record Book Volume 1416, Page 801; and Containing 325.978 Acres.

     in or to the Property or any part thereof that are adverse to Plaintiff, Lucky Bs LLC; and

2. Defendant Daniel A. Thomas, his heirs, assignees and all persons claiming under him are permanently enjoined from asserting any estate, rights, title, liens, or interest in or to the Property or any part thereof that are adverse to Plaintiff Lucky Bs LLC.

The Somerset County Recorder of Deeds shall record this Order indexing the United States of America, Daniel A. Thomas, and Samuel R. Vansickle as Grantors and Lucky Bs LLC as Grantee.

It appearing that no further action is required of the Court at this time, the Clerk of Court shall mark this case closed.

                                    **BY THE COURT:**

                                    */s/ Kim R. Gibson*

                                  **KIM R. GIBSON**
                                  **UNITED STATES DISTRICT JUDGE**